BLANCHARD S. FORBES AND WILLIAM P. FORBES, ADMINISTRATORS OF THE ESTATE OF W. S. FORBES, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46859. Promulgated June 17, 1931.

*Robert A. Littleton, Esq.,* and *James Mullen, Esq.,* for the petitioners.

*John Kiley, Esq.,* for the respondent.

743

OPINION.

SEAWELL: Petitioners' counsel cite the following from the Revenue Act of 1926 as the applicable law in the instant case:

SEC. 214. (a) In computing net income there shall be allowed as deductions:
\* \* \* \* \* \* \*

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business;

(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business; \* \* \*

The counsel for the respondent so cites section 214 (a) (5) above. The same principle is applicable in each subsection and it is immaterial which is considered specially applicable in the instant case.

The question for our determination is whether the decedent, W. S. Forbes, sustained during the taxable year in issue, 1926, the loss of the cost of his stock in the Boyd Packing Company by reason of its becoming worthless in that year. The evidence shows that W. S. Forbes in 1924 invested $50,800 in stock of the Boyd Packing Company, resulting in his subsequently sustaining a loss of the same. The petitioners contend the loss was sustained in the taxable year 1926 and the respondent insists the loss is not shown to have been sustained in the taxable year.

The tax returns of the Boyd Packing Company, introduced in evidence without objection, signed and sworn to by its treasurer, indicate that its stock in 1926 and also in 1927 was not worthless and that its assets then exceeded its liabilities. The testimony of the treasurer at the hearing, however, tends to show that such stock was

worthless in the taxable year in issue and that a continuation of the business until the last of May, 1927, with a view to winding up the affairs of the company, only resulted in further losses.

There is no evidence that any of the stock of the Boyd Packing Company was bought or sold in 1926, or that any offer was made for the same, which might throw light on the value of such stock at that time.

The testimony of the treasurer of the company, if alone considered, would be quite convincing of the worthlessness of the company's stock in 1926, but his testimony is in conflict with representations and statements (some of which are explained and corrected) contained in the 1926 and 1927 tax returns of the company, signed and sworn to by him, indicating quite a different financial condition from what he testifies was the then true condition of the company, which continued to operate its business to a considerable extent for about five months in 1927 and did not actually surrender its charter until 1928.

Considering the entire evidence and giving due weight to the same, we are of the opinion that the petitioners have not adduced evidence sufficient to overcome the presumption of the correctness of the respondent's determination that the W. S. Forbes stock in the Boyd Packing Company did not become worthless in 1926 and that said Forbes did not in that year sustain a deductible loss in the amount of the cost of the same. The determination of the respondent is approved.

See *Henning Bruhn*, 11 B. T. A. 809; *A. F. Osterloh*, 13 B. T. A. 713; *Royal Packing Co.*, 13 B. T. A. 773 (affd., 38 Fed. (2d) 180); *E. S. Lee*, 15 B. T. A. 1213; and *Daniel J. Ryan*, 19 B. T. A. 52.

*Judgment will be entered for the respondent.*